1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20

MARQUELL SMITH,
Booking No. 20915351,

                          Plaintiff,

          vs.

AVALOS; S. JACKSON; WILLIAM
GORE; FINLEY; SERGEANT
KIMBERLY; JOHN/JANE DOE;
LIEUTENANT CARDENAS;
SERGEANT WARD,

                          Defendants.

Case No.:  3:20-cv-01534-JAH-KSC

**ORDER:**

**1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**

**2)  DENYING MOTION TO APPOINT COUNSEL [ECF No. 3];**

**AND**

**2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)**

21
22
23
24
25
26
27
28

     Marquell Smith ("Plaintiff"), a state inmate temporarily housed in the Vista Detention Facility ("VDF") in San Diego, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1).

     Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), along with a Motion to Appoint Counsel (ECF No. 3).

1

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Statement Report. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

at 1119. This statement shows that Plaintiff has carried an average monthly balance of $106.21 and had $76.67 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint. (*See* ECF No. 2.) Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $21.24 pursuant to 28 U.S.C. § 1915(b)(1).

The Court will direct the Watch Commander, or their designee, to collect the initial $21.24 fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.    Motion to Appoint Counsel

Plaintiff seeks an order appointing counsel in this matter due to his indigency, lack of adequate access to the law library, and the complexity of litigation.  (*See* Pl.'s Mot., ECF No. 3 at 1.)

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and Plaintiff's FAC does not demand that the Court exercise its limited discretion to request an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only

3

"exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to meet the initial showing that he is likely to succeed on the merits of the claims. Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 4).

**III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Factual Allegations

Plaintiff was transferred to the San Diego Central Jail ("SDCJ") from the California Department of Corrections and Rehabilitation ("CDCR") on March 12, 2020 to represent himself in a "habeas petition" before the California Court of Appeals. (Compl. at 5.) Upon his arrival, Plaintiff claims he requested "access to the law library" but was told by Defendant Avalos that she had "looked at his docket" and he was represented by counsel. (*Id.*)

The following day, Plaintiff asked Deputy Finley if "he could have Ms. Avalos respond to [his] inmate request in writing." (*Id.*) On March 23, 2020, Plaintiff "received the denial in writing but without a name on it." (*Id.*)

On April 12, 2020, Plaintiff was transferred to George Bailey Detention Facility ("GBDF"). (*See id.*) On April 13, 2020, Plaintiff "filed an appeal" due to "lack of response" to his previous grievances. (*Id.*) After failing to receive a response, Plaintiff submitted another grievance. (*Id.*) Plaintiff was then transferred to VDF. (*See id.*)

Plaintiff learned that the "Court of Appeals had already made their rule" and he had "missed" his March 30, 2020 deadline for "filing [his] petition for review in the California Supreme Court. (*Id.* at 5-6.) Plaintiff appeared before "court via video" and told "Judge Thompson about [his] situation." (*Id.*) Plaintiff claims Judge Thompson issued an order

indicating that Plaintiff "needed access to the law library due to the fact that [he] was representing [himself] on other petitions different" from the case before Judge Thompson. (*Id.*).

On June 3, or June 4, 2020, Plaintiff spoke to Sergeant Kimberly and "told him about [his] court order" but Kimberly was unable to find a "record of a court order." (*Id.*) Plaintiff filed a grievance but alleges Kimberly "denied [his] right to file a grievance." (*Id.*) Sometime later, Counselor Jackson also denied Plaintiff's grievance and told him he was "not pro per." (*Id.*)

Plaintiff filed another grievance on July 22, 2020 which was signed by Deputy Bernal but received no response to this grievance. (*See id.* at 7.) On July 23, 2020, Plaintiff "handed a grievance to Corporal Jane Doe" and claims he saw her give it to Sergeant Ward." (*Id.*) Plaintiff alleges that he "sent a complaint to Sheriff Gore" on August 3, 2020. (*Id.*)

Plaintiff seeks injunctive relief, compensatory damages in the amount of $300,000, $100,000 in punitive damages, and "temporary restraining order" preventing Defendants from transferring him "back to prison." (*Id.* at 10.)

C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.    Grievances and Access to Courts

As an initial matter, the Court finds Plaintiff's Complaint fails to state a claim as to

any of the named Defendants because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

For these reasons, the Court finds Plaintiff's conclusory claims that Defendants failed to properly process or respond to his grievances are insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted).

E.     Access to Courts

In addition to his claim relating to his grievances, Plaintiff alleges that as a result of the denial of access to the law library, he "missed" a deadline for "filing [his] petition for review in the California Supreme Court." (Compl. at 6.) Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354. In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing

doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotations omitted). The right of access does not require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id*. at 354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* holds:

> [T]he injury requirement is not satisfied by just any type of frustrated legal claim . . .. *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id*. at 346; *see also Spence v. Beard*, No. 2:16-CV-1828 KJN P, 2017 WL 896293, at *2-3 (E.D. Cal. Mar. 6, 2017). Indeed, the failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to describe the "non-frivolous" or "arguable" nature of underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id*. at 417.

Plaintiff's Complaint has failed to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Specifically, Plaintiff has not provided the Court with the "nature and description" of the claims he brought in a habeas corpus action, nor the "non-frivolous" or "arguable" nature of those claims. *Harbury*, 536 U.S. at 413-14. Thus, the Court finds that Plaintiff's Complaint fails

to include sufficient "factual matter" to show how or why any of the individual Defendants in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; Iqbal, 556 U.S. at 678. Because Plaintiff has failed to allege facts sufficient to show that Defendant caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

Accordingly, the Court finds Plaintiff's Complaint, considered together with the exhibits he has attached, fails to state a plausible claim against any named Defendant, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## IV.    Conclusion and Order

For the reasons explained, the Court:

1.    **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3) without prejudice.

2.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3.    **DIRECTS** the Watch Commander, or their designee, to collect from Plaintiff's trust account the $21.24 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account

9

exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, Vista Detention Facility, 325 S. Melrose Drive, Vista, California 92081.

5.      **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATED: August 19, 2020

_____
Hon. John A. Houston
United States District Judge

10