1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

MARQUELL SMITH,
Booking No. 20915351,

Case No.:  3:20-cv-01534-JAH-KSC

12

**ORDER:**

Plaintiff,

13
14

vs.

15
16
17
18
19

AVALOS; S. JACKSON; WILLIAM
GORE; FINLEY; SERGEANT
KIMBERLY; JOHN/JANE DOE;
LIEUTENANT CARDENAS;
SERGEANT WARD,

Defendants.

**1)  DENYING MOTION TO
APPOINT COUNSEL [ECF No. 7]**

**AND**

**2)  DISMISSING FIRST AMENDED
COMPLAINT FOR FAILING TO
STATE A CLAIM PURSUANT TO 28
U.S.C. § 1915(e)(2) & 28 U.S.C. §
1915A(b)**

20
21
22

**I.     Procedural History**

23

On August 6, 2020, Marquell Smith ("Plaintiff"), a state inmate temporarily housed

24

in the Vista Detention Facility ("VDF") in San Diego, California and proceeding pro se,

25

filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1).

26

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed

27

his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant

28

1

to 28 U.S.C. § 1915(a) (ECF No. 2), along with a Motion to Appoint Counsel (ECF No. 3).

On August 19, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED Plaintiff's Motion to Appoint Counsel and DISMISSED Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b). (*See* Aug. 19, 2020 Order, ECF No. 4.)  Plaintiff was granted leave to file an amended complaint to correct the deficiencies of pleading identified in the Court's Order.  (*See id.*)  On October 19, 2020, Plaintiff filed his First Amended Complaint ("FAC"), along with a Motion to Appoint Counsel.  (*See* FAC, ECF No. 5; Pl.'s Mot., ECF No. 7.)

## II.    Motion to Appoint Counsel

Plaintiff seeks an order appointing counsel in this matter due to his indigency, lack of adequate access to the law library, and the complexity of litigation.  (*See* Pl.'s Mot., ECF No. 7 at 1.)

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and Plaintiff's FAC does not demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

2

As currently pleaded, Plaintiff's FAC demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of the claims. Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 7).

## III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Factual Allegations

Plaintiff was transferred to the San Diego Central Jail ("SDCJ") from California State Prison – Los Angeles County ("CSP-LAC") on March 12, 2020 because he was to be resentenced in his criminal conviction. (*See* FAC at 3.) At the time, Plaintiff was "pursuing several nonfrivolous constitutional violations by way of writ of habeas corpus challenging [his] conviction." (*Id.*) When Plaintiff left CSP-LAC, he alleges his "claims were pending in the California Court of Appeal Case No. D076940." (*Id.* at 4.)

When Plaintiff arrived at SDCJ on March 12, 2020, he "sent in an inmate request" seeking law library access to do "research pertaining to [his] habeas petition." (*Id.*) Plaintiff sent a second request on March 18, 2020. (*See id.*) Defendant Avalos came to Plaintiff's cell and told him that he "would not be attending the law library because [he] was not *pro per*." (*Id.*) Plaintiff attempted to tell Avalos that his status had changed but she "rudely walked off." (*Id.* at 4-5.) Plaintiff submitted another request on March 20, 2020 which was responded to on March 23, 2020 "again denying [his] request to the law library." (*Id.* at 5.)

At the time, Plaintiff was unaware that his petition had been denied by the California Court of Appeals. (*See id.*) When Plaintiff received the denial on March 30, 2020, he "need[ed] to get up in the law library ASAP" in order to file his "petition for review to the California Supreme Court." (*Id.*) Plaintiff had "already missed the 10-day deadline to have the appellate court reconsider their denial." (*Id.*) However, Avalos "arbitrarily denied

4

[his] access leaving [him] with the option to submit a 50 page request once every 30 days." (*Id.* at 5-6.)  Plaintiff did submit a "motion requesting appointment of counsel or in the alternative stay time for petition for review of denial of Case No. D076940 to the California Supreme Court." (*Id.* at 6-7.)  Plaintiff claims the Clerk of Court for the California Supreme Court notified him that the California Supreme Court "lost jurisdiction to act on any petition for review on March 30, 2020." (*Id.* at 7.)  Plaintiff claims that Avalos' denial of access to the law library "caused [him] to miss [his] deadline which is an actual injury." (*Id.*)

Sometime in April, Plaintiff claims that he suffered a cracked tooth and "requested to go to dental to get it repaired." (*Id.* at 8.)  Plaintiff was given antibiotics by a nurse but alleges the dentist told him there were "no issues with [his] teeth." (*Id.*) Later that evening, Plaintiff claims he had a filling fall out of his tooth and he "put in another request for dental." (*Id.*)  Plaintiff was seen again by the "same dentist" on May 15, 2020 who recommended that Plaintiff's tooth be pulled "as opposed to fixing it." (*Id.*)  Plaintiff, who is "out to court from prison" determined that he would wait until he was returned to prison to have his tooth fixed. (*Id.*)  However, Plaintiff's court date was "set back for 5 months" so his return to prison would be later than he had anticipated. (*Id.*)

In July the "tooth began to cause swelling." (*Id.*)  Plaintiff was provided more antibiotics and told that he was scheduled to see the dentist. (*See id.*)  In early September, the "pain began to kick in" and when he asked about his dental appointment, he was told that his "appointment had been scratched for unknown reasons." (*Id.* at 8-9.)  Plaintiff was given pain medication and told that he would be soon be going to the dentist. (*See id.* at 9.)  Shortly after Plaintiff filed a grievance on September 26, 2020, a doctor "provided [him] with medication and a dental appointment." (*Id.*)  However, to date, Plaintiff has not "been to the dentist." (*Id.* at 10.)

Plaintiff seeks injunctive relief, $2,000,000 in compensatory damages, and $2,000,000 in punitive damages. (*See id.* at 13.)

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.    Access to Courts and Individual Causation

Plaintiff allegations are somewhat disjointed but his main allegation with regard to missing a deadline is purportedly due to the fact that he did not receive an order from the California Court of Appeals until well after the time to file a response had passed.  Plaintiff alleges that the order denying his petition for writ of habeas corpus was issued on February 27, 2020 but he did not receive it until March 30, 2020.  (*See* FAC at 5.)  He further claims he had only ten (10) days to respond to the February 27, 2020 Order.  (*See id.*)

Plaintiff acknowledges that he was transferred from CSP-LAC to Wasco State Prison ("WSP") on March 5, 2020.  (*See* FAC at 4.)  He then was transferred to Chino State Prison on March 6, 2020 and finally arrived at the San Diego Central Jail on March 12, 2020.  (*See id.*)  These dates indicate that his claims that he did not receive the appellate court's order in time does not link this issue to any of the named Defendants in this action. The named Defendants are alleged to be San Diego Sheriff's Department employees and there is no indication, nor is it plausible, that they played any role in Plaintiff not obtaining this order in time.  When the order was purportedly mailed, Plaintiff was still housed at CSP-LAC and the ten-day timeframe that he claims he had to respond to this order expired while he was housed at WSP.

6

"Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). There are no plausible factual allegations linking Defendants to any of his claims regarding access to courts.

Thus, for these reasons, the Court finds that Plaintiff's claims against Defendants must be dismissed for failing to state a claim upon which relief may be granted.

E.   Access to Courts

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354. In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotations omitted). The right of access does not require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id*. at 354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* holds:

1

2
> [T]he injury requirement is not satisfied by just any type of frustrated

3
> legal claim . . .. *Bounds* does not guarantee inmates the wherewithal to
> transform themselves into litigating engines capable of filing everything

4
> from shareholder derivative actions to slip-and-fall claims. The tools it

5
> requires to be provided are those that the inmates need in order to attack
> their sentences, directly or collaterally, and in order to challenge the

6
> conditions of their confinement. Impairment of any other litigating capacity

7
> is simply one of the incidental (and perfectly constitutional) consequences of
> conviction and incarceration.

8

9
*Id*. at 346; *see also Spence v. Beard*, No. 2:16-CV-1828 KJN P, 2017 WL 896293, at *2-3

10
(E.D. Cal. Mar. 6, 2017). Indeed, the failure to allege an actual injury is "fatal." *Alvarez v.*

11
*Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-

12
frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

13
In addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to

14
describe the "non-frivolous" or "arguable" nature of underlying claim he contends was lost

15
as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002).

16
The nature and description of the underlying claim must be set forth in the pleading "as if

17
it were being independently pursued." *Id*. at 417.

18
Plaintiff's FAC has failed to allege the actual injury required to state an access to

19
courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Specifically, Plaintiff

20
has not provided the Court with the "non-frivolous" or "arguable" nature of those claims.

21
*Harbury*, 536 U.S. at 413-14. Thus, the Court finds that Plaintiff's FAC fails to include

22
sufficient "factual matter" to show how or why any of the individual Defendants in this

23
case caused him to suffer any "actual prejudice" "such as the inability to meet a filing

24
deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*,

25
393 F.3d at 936; Iqbal, 556 U.S. at 678. Moreover, it is not the actions of Defendants that

26
caused Plaintiff's petition for writ of habeas corpus to be denied nor are they the cause for

27
Plaintiff being unable to respond to this denial of his habeas petition in a timely manner.

28

The only reasonable inference to be drawn from the facts alleged is that Plaintiff was placed in transit with a move from CSP-LAC enroute to SDCJ due to unknown officials responding to directions or orders of other unknown officials in order for Plaintiff to be resentenced in his criminal case and not as a result of Defendants' actions.

Because Plaintiff has failed to allege facts sufficient to show that Defendants caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

F.   Medical Care claims

Plaintiff has added additional claims not alleged in his original Complaint. Specifically, Plaintiff asked to be seen by the dental clinic because he believed he had cracked a tooth.  (*See* FAC at 8.)  Plaintiff was seen by a dentist at SDCJ "around May 15th." (*Id.*)  The dentist recommended pulling Plaintiff's tooth as "opposed to fixing it." (*See id.*)  Plaintiff believed he would be transferred back to prison soon and decided to wait to have his tooth fixed "upon [his] return to prison." (*Id.*)  The dentist told Plaintiff that if he "ran into any problems to fill out a request to come back." (*Id.*)

Plaintiff's court date was extended to November 4, 2020 and that "the plan to get back [to prison] to get [his] tooth fixed" did not look likely. (*Id.*)  When he began to experience swelling around the tooth in July, he "put in a medical slip and was provided more antibiotics [and] told [he] was scheduled to see the dentist." (*Id.*)

In August and September Plaintiff began to experience more pain. (*See id.*)  Plaintiff was given pain medication and told he would be seen by a dentist soon. (*See id.* at 9.)  However, Plaintiff later learned his dental appointment had been cancelled. (*See id.*)  After filing a grievance, Plaintiff was "called in to see the doctor who provided [him] with new medication and a dental appointment." (*Id.*)

9

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ). The two part test for deliberate indifference requires Plaintiff to plead facts sufficient to show (1) "a 'serious medical need' by demonstrating that failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

"Serious medical needs can relate to 'physical, dental and mental health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). But a prison official does not act in a deliberately indifferent manner unless she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo*, 935 F.3d at 786 (citations omitted). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), is present in cases where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and where the indifference is alleged to have caused harm. *Jett*, 439 F.3d at 1096. The alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Here, Plaintiff fails to allege facts sufficient to support either the objective or the subjective components of an Eighth Amendment inadequate medical or dental care claim.

Plaintiff was offered treatment, but he chose to delay his treatment until he was returned to state prison.  When that was delayed, he was seen by a doctor and provided pain medication.  Without more, Plaintiff's FAC fails to allege any facts to show either that his dental condition was sufficiently serious, or that Defendants acted with knowledge of and disregard to any excessive risk to his health or safety. *Farmer*, 511 U.S. at 837.

At best, Plaintiff's charge against Defendants' alleged course of treatment or methodology amounts either to a difference of opinion as to his particular medical need or to a failure to respond reasonably under the circumstances. But neither rise to the level of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Edmo*, 935 F.3d at 786 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citations omitted).

The Court finds Plaintiff's Eighth Amendment claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

G.    Retaliation

Plaintiff alleges that jail officials purposefully cancelled his medical appointments and jail doctors and dentists made decisions to deny him medical and dental care due to his filing grievances.  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

First, Plaintiff must allege that the conduct for which he claims to have been subject

11

to retaliation is protected. *Watison*, 668 F.3d at 1114.[1] Second, he must allege facts sufficient to plausibly show the Defendants took adverse action against him.[2] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff's FAC must contain sufficient factual content to show a causal connection between the adverse action and his protected conduct. *Watison*, 668 F.3d at 1114. Fourth, he must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Finally, Plaintiff must plead facts from which the court could draw the reasonable inference that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15; *Iqbal*, 556 U.S. at 678.

Plaintiff's FAC falls far short of pleading the necessary causation element or any of the other remaining elements necessary to support either retaliation claim.

Plaintiff offers no facts to suggest that "John/Jane Doe Medical Supervisor" or "John/Jane Doe" who "works for the Sa Diego County Sheriff's Dep't" [and] makes decisions to add or scratch off names that are scheduled to leave the facility for medical [and] dental appointments" were aware of the grievances he claims to have filed or how that protected conduct served as the motivation behind his purported lack of adequate dental care. In short, he offers no plausible factual allegations which tie the actions of Defendants with the grievances he filed. *Watison*, 668 F.3d at 1114; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (retaliation claims require a showing that Plaintiff's protected conduct was "the 'substantial' or 'motivating' factor behind the

---

[1]  The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[2]  The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

defendant's conduct.").

Plaintiff also does not allege facts to show why the actions of Defendants "would chill or silence a person of ordinary firmness from future First Amendment activities," *Rhodes*, 408 F.3d at 568.

For these reasons, the Court finds Plaintiff's FAC fails to allege facts sufficient to state a plausible claim of retaliation in violation of the First Amendment. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

   H.   Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege his First Amendment retaliation claims. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). With respect to Plaintiff's access to courts claim and Eighth Amendment claims, however, leave to amend is denied as futile. *See Gonzalez v. Planned Parenthood of Los Angeles,* 759 F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Plaintiff is cautioned that he may not raise new claims in his amended pleading that were not contained in his original Complaint or his FAC.

**IV.   Conclusion and Order**

For the reasons explained, the Court:

1.   **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 5) without prejudice.

2.   **DISMISSES** Plaintiff's First Amendment claim in the FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b),

3.    **DISMISSES** Plaintiff's access to courts claim and Eighth Amendment claims for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) without leave to amend.

4.    **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5.    The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: November 25, 2020

Hon. John A. Houston
United States District Judge

14