UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUELL SMITH,<br>Booking No. 20915351,<br><br>         Plaintiff,<br><br>vs.<br><br>AVALOS; S. JACKSON; WILLIAM GORE; FINLEY; SERGEANT KIMBERLY; JOHN/JANE DOE; LIEUTENANT CARDENAS; SERGEANT WARD,<br><br>         Defendants. | Case No.: 3:20-cv-01534-JAH-KSC<br><br>**ORDER:**<br><br>**(1) VACATING FEBRUARY 4, 2021 JUDGMENT;**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL; AND**<br><br>**(3) GRANTING MOTION FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT** |

### I. Procedural History

On August 6, 2020, Marquell Smith ("Plaintiff"), a state inmate temporarily housed in the George Bailey Detention Facility ("GBDF") in San Diego, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a)

when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), along with a Motion to Appoint Counsel (ECF No. 3).

On August 19, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED Plaintiff's Motion to Appoint Counsel and DISMISSED Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b). (*See* Aug. 19, 2020 Order, ECF No. 4.) Plaintiff was granted leave to file an amended complaint to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) On October 19, 2020, Plaintiff filed his First Amended Complaint ("FAC"), along with a Motion to Appoint Counsel. (*See* FAC, ECF No. 5; Pl.'s Mot., ECF No. 7.)

Once again, the Court conducted the required sua sponte screening and DISMISSED Plaintiff's FAC for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b) and DENIED Plaintiff's Motion to Appoint Counsel. (*See* Nov. 25, 2020 Order, ECF No. 9.)

On December 14, 2020, Plaintiff filed what was purportedly a Second Amended Complaint ("SAC") but it did not contain any factual allegations. (*See* ECF No. 10.) Instead, attached to Plaintiff's purported SAC is a "Motion to Alter Judgment." (*See id.*) In addition, Plaintiff has filed a third Motion to Appoint Counsel. (*See* ECF No. 12.) The Court DENIED Plaintiff's Motion to Appoint Counsel, DENIED his Motion to Alter Judgment, and DISMISSED his SAC for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b). (*See* ECF No. 13.)

Plaintiff filed an Appeal to the Ninth Circuit Court of Appeals. (*See* ECF No. 15.) On March 18, 2022, the Ninth Circuit issued an Order which reversed this Court's dismissal of the First Amendment access to courts claim against Defendant Avalos and ordered the Court to permit Plaintiff leave to amend his Eighth Amendment medical care claims. (*See* ECF No. 19.) On March 28, 2022, Plaintiff filed a "Motion Requesting

Extension of Time for Leave to Amend [Eighth] Amendment Claim and Appointment of Counsel." (ECF No. 20.)

Accordingly, the Court VACATES the judgment, *see* ECF No. 14, entered on February 4, 2021. The Court GRANTS Plaintiff leave to file a Third Amended Complaint in which he must re-allege his First Amendment claims against Defendant Avalos and correct the deficiencies identified in the Court's February 4, 2021 and November 25, 2020 Orders as to his Eighth Amendment claims. Plaintiff must also attach to his Third Amended Complaint any exhibits that support the claims found in his Third Amended Complaint. Plaintiff may not add any additional claims or defendants.

## II. Motion to Appoint Counsel

In addition, Plaintiff seeks appointment of counsel because he is "unable to afford counsel" and the issues are "very complex." (ECF No. 20 at 1.) All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and the claims in this matter do not demand that the Court exercise its limited discretion to request that an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, the Court finds that Plaintiff's claims are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 20).

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **VACATES** the Clerk's Judgment entered on February 4, 2021;

2) **DENIES** without prejudice the Plaintiff's Motion to Appoint Counsel (ECF No. 20); and

3) **GRANTS** Plaintiff's Motion for Extension of Time (ECF No. 20) and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint that re-alleges the First Amendment access to courts claim against Defendant Avalos and which cures all the deficiencies of pleading as to his Eighth Amendment claims. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

Dated: April 18, 2022

Hon. John A. Houston
United States District Judge