1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARQUELL SMITH,                      Case No.:  3:20-cv-01534-JAH-KSC
     CDCR #H-83007,
12                                        **ORDER:**
                              Plaintiff,
13                                        **1)  DISMISSING DEFENDANTS AS**
            vs.                           **WAIVED; AND**
14

15
                                          **2)  DIRECTING U.S. MARSHAL TO**
16   MS. AVALOS, Law Library Coordinator; **EFFECT SERVICE OF THIRD**
     JOHN/JANE DOE, Medical Supervisor;   **AMENDED COMPLAINT AND**
17   JOHN/JANE DOE,                       **SUMMONS PURSUANT TO**
                                          **28 U.S.C. § 1915(d) AND**
18                            Defendants.  **Fed. R. Civ. P. 4(c)(3)**

19

20

21

22   **I.     Procedural History**

23          On August 6, 2020, Marquell Smith ("Plaintiff"), a state inmate currently housed at

24   the California State Prison – Los Angeles County located in Lancaster, California and

25   proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl.,

26   ECF No. 1).  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a)

27   when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis

28   ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), along with a Motion to Appoint

Counsel (ECF No. 3).  In his original Complaint, Plaintiff alleged his constitutional rights were violated when he was previously housed in the San Diego Central Jail, George Bailey Detention Facility, and the Vista Detention Facility in 2020.  (*See* Compl. at 1.)

On August 19, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED Plaintiff's Motion to Appoint Counsel and DISMISSED Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b). (*See* Aug. 19, 2020 Order, ECF No. 4.)  Plaintiff was granted leave to file an amended complaint to correct the deficiencies of pleading identified in the Court's Order.  (*See id.*)  On October 19, 2020, Plaintiff filed his First Amended Complaint ("FAC"), along with a Motion to Appoint Counsel.  (*See* FAC, ECF No. 5; Pl.'s Mot., ECF No. 7.)

Once again, the Court conducted the required sua sponte screening and DISMISSED Plaintiff's FAC for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b) and DENIED Plaintiff's Motion to Appoint Counsel. (*See* Nov. 25, 2020 Order, ECF No. 9.)

On December 14, 2020, Plaintiff filed what was purportedly a Second Amended Complaint ("SAC") but it did not contain any factual allegations.  (*See* ECF No. 10.) Instead, attached to Plaintiff's purported SAC was a "Motion to Alter Judgment." (*See id.*) In addition, Plaintiff filed a third Motion to Appoint Counsel.  (*See* ECF No. 12.)  The Court DENIED Plaintiff's Motion to Appoint Counsel, DENIED his Motion to Alter Judgment, and DISMISSED his SAC for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b).  (*See* ECF No. 13.)

Plaintiff filed an Appeal to the Ninth Circuit Court of Appeals.  (*See* ECF No. 15.) On March 18, 2022, the Ninth Circuit issued an Order which reversed this Court's dismissal of the First Amendment access to courts claim against Defendant Avalos and ordered the Court to permit Plaintiff leave to amend his Eighth Amendment medical care claims.  (*See* ECF No. 19.)  On March 28, 2022, Plaintiff filed a "Motion Requesting

Extension of Time for Leave to Amend [Eighth] Amendment Claim and Appointment of Counsel."  (ECF No. 20.)

Accordingly, the Court VACATED the judgment, *see* ECF No. 14, entered on February 4, 2021.  The Court granted Plaintiff leave to file a Third Amended Complaint in which he was informed that he must re-allege his First Amendment claims against Defendant Avalos and correct the deficiencies identified in the Court's February 4, 2021 and November 25, 2020 Orders as to his Eighth Amendment claims. (ECF No. 21.)

After receiving an extension of time, Plaintiff has now filed his Third Amended Complaint ("TAC").  (ECF No. 26. )  In his TAC, Plaintiff no longer names Defendants S. Jackson, William D. Gore, Mr. Finley, Sergeant Kimberly, John/Jane Doe "Sgt/Lt," John/Jane Doe "Sgt/Lt," Lieutenant Cardenas, and Sergeant Ward. (*See id.*)  Thus, the claims against these Defendants are deemed waived and the Clerk of Court is directed to terminate these Defendants from the Court's docket.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his TAC also requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Discussion</u>

As currently pleaded, the Court finds Plaintiff's TAC alleges plausible First and Eighth Amendment claims against Defendants sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (Prisoners have a constitutional right to access to the courts); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (Deliberate indifference to an inmate's serious medical need violates the Eighth Amendment).

Therefore, the Court will order the U.S. Marshal to effect service upon remaining Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal

. . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[1]

## III.   Conclusion and Order

For the reasons explained, the Court:

(1)   **DISMISSES** Defendants S. Jackson, William D. Gore, Mr. Finley, Sergeant Kimberly, John/Jane Doe "Sgt/Lt," John/Jane Doe "Sgt/Lt," Lieutenant Cardenas, and Sergeant Ward as waived and directs the Clerk of Court to terminate these Defendants from the Court's docket;

(2)   **DIRECTS** the Clerk to issue a summons as to Plaintiff's TAC (ECF No. 26) upon remaining Defendants, and forward it to Plaintiff along with blank U.S. Marshal Form 285s for these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of his TAC and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include addresses where Defendants may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the U.S. Marshal according to the instructions the Clerk provides.

(3)   **ORDERS** the U.S. Marshal to serve a copy of the TAC and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon each of these Defendants with the Clerk of Court as soon as possible after their return. Should any of these Defendants fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, TAC, and request for waiver was mailed to that Defendant, and indicate why service upon that party remains unexecuted. All costs of U.S. Marshal service will be advanced by the United States; however, *if a Defendant located*

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

*within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

(4)   **ORDERS** Defendants, once served, to reply to Plaintiff's TAC*, and any subsequent pleading he may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

(5)   **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal.CivLR 5.2.

**IT IS SO ORDERED**.

Dated: April 25, 2023

_____
Hon. John A. Houston
United States District Judge