UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUELL SMITH,<br>CDCR #H-83007<br><br>                                    Plaintiff,<br><br>v.<br><br>MS. AVALOS, Law Library Coordinator;<br>JOHN/JANE DOE, Medical Supervisor;<br>JOHN/JANE DOE,,<br><br>                                    Defendants. | Case No.:  20cv1534-JAH(LR)<br><br>**ORDER RE: PLAINTIFF'S EXTENSION MOTION AND REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 37] |

On September 8, 2023, Defendant Frances Abalos ("Defendant Abalos") filed a motion to dismiss Plaintiff Marquell Smith's third amended complaint ("TAC") in this case pursuant to Federal Rule of Civil Procedure 12(b)(6).  (See Def.'s Mot. to Dismiss, ECF No. 33.)  On September 15, 2023, the Court ordered Defendant Abalos to show cause why (1) her motion to dismiss should not be stricken as untimely, (2) she should not be required to file an answer to Plaintiff's TAC, and (3) why Plaintiff should not thereafter be permitted to pursue discovery as to the identities of the unnamed Doe defendants in the TAC.  (See Order to Show Cause ("OSC"), ECF No. 36.)

On September 20, 2023, presumably before he had received a copy of the Court's OSC, Plaintiff filed a motion requesting (1) a 60-day extension of time to file an

1

opposition to Defendant Abalos's motion to dismiss, and (2) for the Court to appoint him counsel in this matter. (See ECF No. 37.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion in its entirety.

A.  **Plaintiff's Request for an Extension of Time**

Plaintiff's extension request was filed with the prison mail system only two days after the Court issued its OSC,[1] making it unlikely for Plaintiff to have seen its contents before filing his extension request. (See ECF No. 37 at 3.) If Plaintiff is required to respond to Defendant Abalos's motion to dismiss after consideration of the parties' responses to the OSC, the Court will issue an updated briefing schedule. Accordingly, the Court **DENIES** Plaintiff's extension request as premature.

B.  **Plaintiff's Motion for Appointment of Counsel**

In addition to requesting an extension of time to respond to Defendant Abalos's motion to dismiss, Plaintiff requests that the Court appoint him counsel to assist in (1) responding to Defendant Abalos's motion to dismiss and (2) obtaining early discovery regarding the identities of the unnamed Doe defendants in this matter. (See ECF No. 37 at 1-2.) Plaintiff argues that the extensive "amount of legal rhetoric" and "extensive legal research" required to prepare these court filings necessitate the appointment of counsel to ensure that Plaintiff will be able to litigate this case efficiently. (See id.)

The Constitution provides no right to appointed counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 25 (1981); see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in Section 1983 action); Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) ("there is no absolute right to counsel in civil

---

[1] Although Plaintiff's extension motion appeared on the docket on September 20, 2023, the declaration attached to Plaintiff's motion notes that he placed it in the institution's mail system on September 17, 2023. (See ECF No. 37 at 3.)

proceedings."). Under 28 U.S.C. § 1915(e)(1), however, courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). When assessing whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Both of these factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive. Wilborn, 789 F.2d at 1331.

Having reviewed Plaintiff's arguments, the Court concludes that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Plaintiff has successfully navigated the Court system thus far, filing three amended complaints and multiple motions for extensions of time to meet court deadlines. Additionally, even assuming that the issues in this litigation are complex, Plaintiff has articulated how he plans to seek discovery related to the unnamed Doe defendants in this action and how they participated in his alleged injuries. (See ECF No. 30.) This indicates that Plaintiff has at least a base understanding of the claims at issue in his case and ability to litigate this action. See, e.g., Farr v. Paramo, Case No.: 16cv1279-JLS(MSB), 2019 WL 4674294, at *2 (S.D. Cal. Sept. 25, 2019) (finding that appointment of counsel was inappropriate where the plaintiff successfully articulated the nature of his claims in multiple filings); Myers v. Basto, Case No.: 18cv2239-DMS(BLM), 2019 WL 265134, at *1-2 (S.D. Cal. Jan. 18, 2019) (finding that plaintiff had not alleged exceptional circumstances warranting the appointment of counsel where the plaintiff was unable to afford counsel and had limited access to the prison's law library). Moreover, the early stage of this litigation also cuts against appointing counsel at this time. See Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). While the Court

has previously determined that the allegations in Plaintiff's Complaint are pleaded with factual sufficiency, that determination was made only within the context of the very "low threshold" for proceeding past the *sua sponte* screening required for the Court to order United States Marshal service. (ECF No. 5.) Plaintiff has not yet survived a motion for summary judgment on the merits, leaving the Court with insufficient facts to determine whether Plaintiff has a strong likelihood of success such that appointment of counsel is warranted. See, e.g., Rios v. Paramo, Case No.: 14-cv-01073-WQH (DHB), 2016 WL 4248624, at *3 (S.D. Cal. Aug. 11, 2016) (noting that insufficient facts had been developed to determine whether the plaintiff had demonstrated a likelihood of success on the merits when he had not yet survived a motion for summary judgment).

In light of Plaintiff's demonstrated ability to articulate his claims, as well as his failure to demonstrate a likelihood of success on the merits at this stage of the litigation, the Court concludes that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to appoint counsel. Should Plaintiff's circumstances change, he may be permitted to file another motion to appoint counsel in the future.

**C.    Conclusion**

If Plaintiff is required to respond to Defendant Abalos's motion to dismiss after the Court considers the parties' responses to the OSC, an updated briefing schedule will be issued, and Plaintiff will be given a new deadline to respond to the motion. Additionally, the facts and procedural posture of this case do not warrant appointment of counsel at this time. Plaintiff's motion is therefore **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated:  September 25, 2023

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge