UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUELL SMITH, CDCR #H-83007, <br><br> Plaintiff, <br><br> v. <br><br> MS. AVALOS, Law Library Coordinator; JOHN/JANE DOE, Medical Supervisor; JOHN/JANE DOE, <br><br> Defendants. | Case No.: 20cv1534-JAH(LR) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br><br> **[ECF No. 45]** |

Plaintiff Marquell Smith ("Plaintiff"), a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, moved for default judgment pursuant to Federal Rule of Civil Procedure 55(a), (b)(1), or (b)(2) against Defendant Frances Abalos ("Defendant Abalos") for "ignoring the [Court's] specific orders" on October 18, 2023.[1] (See ECF No. 45 at 1.) Defendant Abalos filed an opposition to Plaintiff's motion on October 20, 2023. (ECF No. 48.) For the reasons stated below, Plaintiff's motion is

---

[1] Although Plaintiff appears to have prepared and filed his motion for default judgment in the prison mail system on October 8, 2023, the filing did not appear on the Court's docket until October 18, 2023. (See generally ECF No. 45.)

**DENIED** in its entirety.

## I.  RELEVANT BACKGROUND

Plaintiff filed a third amended complaint ("TAC") in this matter on August 31, 2022.  (See ECF No. 26.)  District Judge John A. Houston conducted the required *sua sponte* screening of the TAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and issued an order on April 25, 2023, directing the US Marshal to effect service of the TAC and Summons on the defendants in this matter.  (See ECF No. 28.)  On June 2, 2023, Plaintiff filed a motion requesting early discovery to learn the identities of the remaining Doe defendants in the operative complaint.  (See ECF No. 30.)  A US Marshal Waiver of Service of Summons form was sent to Defendant Abalos on June 5, 2023 and returned executed on July 7, 2023.  (See ECF No. 32.)

On September 8, 2023, Defendant Abalos filed a motion to dismiss the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (See ECF No. 33.)  After a review of the docket revealed that Defendant Abalos's motion to dismiss was untimely by over forty days, the Court issued an order to show cause ("OSC") why: (1) Defendant Abalos's motion to dismiss should not be stricken as untimely, (2) she should not be required to file an answer to the TAC, and (3) Plaintiff should not thereafter be permitted to pursue discovery as to the identities of the unnamed Doe defendants.  (ECF No. 36.)

In response to the Court's OSC, Defendant Abalos withdrew her motion to dismiss on September 29, 2023, (ECF No. 39), filed an answer to the TAC on October 3, 2023, (ECF No. 41), and explained that she has no objection to participating in the discovery process to allow Plaintiff the opportunity to identify the unnamed Doe defendants in the operative complaint.  (See ECF No. 40 at 2.)  Defendant Abalos noted that the motion to dismiss was filed late due to a miscalculation of the deadline to file a responsive pleading in this case.  (See id. at 1.)  The Court discharged the OSC on October 4, 2023.  (See ECF No. 42.)

After Defendant Abalos filed her answer, and presumably before Plaintiff had received any of the responses to the Court's OSC noted above, Plaintiff filed the instant

request for entry of default judgment against Defendant Abalos pursuant to "[Federal Rule of Civil Procedure] 55(a), (b)(1), or (2) . . . [for] ignoring the [Court's] specific orders." (ECF No. 45 at 1.)  The motion argues that Defendant Abalos continues to "demonstrat[e] bad faith" by failing to respond the Court's orders in a timely manner. (Id.)

## II.   DISCUSSION

At the outset, the Court notes that Plaintiff's motion does not specify whether it seeks default judgment against Defendant Abalos under Federal Rule of Civil Procedure 55(a) or 55(b). (See id. at 1 (requesting default judgment under either Federal Rule of Civil Procedure 55(a), (b)(1), or (b)(2).)  Both sections of Federal Rule of Civil Procedure 55 have distinct requirements and involve different standards.  "The entry of default must be distinguished from a default judgment.  Rule 55 requires a two-step process.  The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment."  10 Moore's Federal Practice – Civil § 55.10[1] (2022); see also Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that rule 55 requires a two-step process).  Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead of otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment.  See Fed. R. Civ. P. 55(b).  Default judgment under Rule 55(b) is a discretionary action taken by the Court and guided by the factors set forth by the Ninth Circuit in Eitel.  See 782 F.2d at 1471.

Regardless of whether Plaintiff seeks default judgment under Rule 55(a) or (b), however, Defendant Abalos's response to the OSC and her filing of an answer that sets forth good faith defenses to the TAC makes it clear to the Court that default against Defendant Abalos is inappropriate at this juncture.  Because Defendant Abalos filed an answer, the situation contemplated by Rule 55(a), in which a party fails to file a

responsive pleading or generally defend an action, is no longer at issue in this case.[2]  See, e.g., Faunce v. Martinez, Case No. 21-cv-363-MMA (WVG), 2022 WL 17345499, at *3 (S.D. Cal. Nov. 30, 2022) (concluding that default was inappropriate when the defendants had filed an answer and clearly indicated their intent to defend in an action before the Plaintiff had filed a motion for default under Rule 55(a)).

Moreover, default judgments under Rule 55(b) are disfavored, and cases should be decided on their merits whenever possible.  See Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).  In Defendant Abalos's response to the Court's OSC, her counsel maintained that the missed deadline was due to a miscalculation, rather than an intentional attempt to subvert the litigation process or to prejudice Plaintiff.  (See ECF No. 40 at 1.)  Given that Defendant Abalos is willing to participate in this case moving forward, as well as the lack of any apparent prejudice to Plaintiff at this time, the Court concludes that default against Defendant Abalos is inappropriate.  Plaintiff's motion for default judgment (ECF No. 45) is therefore **DENIED** in its entirety, and the case will proceed on the merits.

**IT IS SO ORDERED.**

Dated:  October 24, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

---

[2] Even if the Court were to direct the Clerk to enter a default at this time, such a motion would undoubtedly be swiftly followed by a motion to set aside the default by Defendant Abalos under Rule 55(c), which the Court would be inclined to grant given the lack of any prejudice and Defendant Abalos's general willingness to defend this action.