UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARQUELL SMITH,
CDCR #H-83007

Plaintiff,

v.

MS. AVALOS, Law Library Coordinator; JOHN/JANE DOE, Medical Supervisor; JOHN/JANE DOE,

Defendants.

Case No.: 20cv1534-JAH(LR)

**ORDER DENYING PLAINTIFF'S DISCOVERY MOTION AND RENEWED REQUEST FOR APPOINTMENT OF COUNSEL**

**[ECF No. 61]**

Currently before the Court is Plaintiff Marquell Smith's "Motion Per [Federal Rule of Civil Procedure 26] Requesting Discovery of the Names of John/ Jane Doe's [and] Appointment of Counsel." (See ECF No. 61.) The motion is fully briefed, and the Court determines that the matter is suitable for determination on the papers and without oral argument, pursuant to Civil Local Rule 7.1.d.1. Accordingly, the Court hereby **VACATES** the hearing on the motion currently set for February 12, 2024, at 9:30 a.m. For the reasons stated below, the Court **DENIES** Plaintiff's Motion in its entirety.

## I. RELEVANT PROCEDURAL HISTORY AND BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, filed the operative third amended complaint ("TAC") in this § 1983 action on August 31, 2022. (See ECF No. 26.) The TAC alleges

a First Amendment access to courts claim against Defendant F. Abalos, the law library coordinator at the San Diego County Jail during Plaintiff's incarceration at the facility, as well as Eighth Amendment deliberate indifference to medical need claims against two unidentified "Jane/John Doe" defendants ("Doe defendants") for purposely preventing him from attending emergency dental appointments during the time he was housed at the facility. (See id. at 2.)

This case has had an extensive procedural history since the filing of the TAC, and the Court need not recount it in its entirety for the purposes of the instant motion. Plaintiff sought early discovery regarding the identities of the Doe defendants on June 2, 2023, and the Court denied the motion requesting this information as moot after Defendant Abalos filed an answer to the TAC on October 3, 2023. (See ECF No. 60.) On November 20, 2023, the Court held an early neutral evaluation ("ENE") and case management conference ("CMC") in this matter, and required that the parties exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A-D) in advance of the ENE and CMC. (See ECF No. 43 at 6.) During the CMC, the Court discussed Plaintiff's plans to seek information related to the identities of the Doe defendants during discovery, and suggested that defense counsel and Plaintiff work together informally to provide Plaintiff with information about the names of the unidentified Doe defendants if possible. The Court also outlined its civil chambers rules during the CMC, including the requirement that the parties request a telephonic informal discovery conference ("IDC") before filing any discovery motions. See Hon. Lupe Rodriguez, Jr. Civ. Chambers R. § IV. To allow for more efficient scheduling of an IDC, the Court suggested that Plaintiff give defense counsel permission to contact the undersigned's chambers if a discovery dispute arose. Plaintiff agreed to this arrangement at the time of the conference.

The instant motion followed on January 19, 2024. (See ECF No. 61 ("Pl.'s Mot.").) Plaintiff notes that although he has engaged in multiple informal communications regarding the identities of the Doe defendants with defense counsel, he still has not received a satisfactory response related to his requests for Defendant Abalos

to identify these parties. (See id. at 1-2; 4-6.) The motion appears to argue that Defendant Abalos should now be compelled to reveal the names of the Doe defendants pursuant to the initial disclosure rules under Federal Rule of Civil Procedure 26, and renews Plaintiff's request for appointment of counsel in this case. (See id. at 1-3.) Despite Plaintiff's failure to comply with the Court's civil chambers rules, the undersigned set a briefing schedule on Plaintiff's motion. (See ECF No. 63.) Defendant Abalos filed an opposition on January 25, 2024 (see ECF No. 64 ("Def.'s Opp'n")), and Plaintiff filed a reply on February 8, 2024. (See ECF No. 66 ("Pl.'s Reply").)

## II. DISCUSSION

Federal Rule of Civil Procedure 26 governs a party's initial disclosures. See Fed. R. Civ. P. 26(a)(1)(A). That rule states, in relevant part:

> (1) Initial Disclosure.
>
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . .

Fed. R. Civ. P. 26(a)(1)(A)(i).

These disclosure requirements "serve several purposes, including eliminating surprise, promoting settlement, and giving the opposing party information about the identification and locations of persons with knowledge so as to assist that party in contacting the individual and determining which witnesses should be deposed." Jama v. City & Cnty. of Denver, 304 F.R.D. 289, 295 (D. of Colo. 2014). "The goal of the initial disclosure requirement is to get out basic information about the case at an early point." Stamps v. Encore Receivable Mgmt., Inc., 232 F.R.D. 419, 422 (N.D. Ga. 2005).

Rule 37 governs motions to compel initial disclosure information or other discovery. See Fed. R. Civ. P. 37(a)(3)(A). Specifically, Rule 37 provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Id.

Although parties are required under Rule 26(a) to produce the outlined categories of information in their initial disclosures, these disclosures are only the first part of the discovery process and are not designed to be a substitute for other types of discovery requests. For example, although Rule 26(a) requires the initial disclosure of witnesses or documents "that the *disclosing party* may use to support *its* claims or defense," (emphasis added) a party cannot be conversely required to "disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." Fed. R. Civ. P. 26(a)(1) advisory committee's comment to 2000 amendment, 192 F.R.D. 340, 385 (2000); see also Howell v. Earl, No. CV 13–48–BU–DWM–JCL, 2014 WL 1772157, at *2 (D. Mont. May 2, 2014). This proposition follows logically when viewed in the context of the purpose behind Rule 26(a). Mandatory initial disclosures allow the opposing party to gather basic information about the case at an early stage without serving formal discovery requests—they are not designed to compel a party to produce the entire spectrum of discoverable material. See Johnson v. Dep't of Corrections, Case No. 5:18-cv-229-TKW/MJF, 2021 WL 11691276, at *2 (N.D. Fla. Mar. 19, 2021).

Plaintiff's motion appears to request that Defendant Abalos be compelled to produce the names of the unidentified defendants as part of her initial disclosures under Rule 26(a)(1). (See Pl.'s Mot. at 1.) At this stage in the litigation, however, Plaintiff has failed to demonstrate any violation of that rule. Defendant Abalos is the only defendant who has been properly served thus far in this case, and, as she correctly points out, Plaintiff's TAC alleges that she deprived him of his right of access to courts under the First Amendment in an entirely different set of circumstances from those of the unidentified Doe defendants. (See Def.'s Opp'n at 3 (citing ECF No. 26 at 2).) Plaintiff does not assert that the Doe defendants have discoverable information that Defendant

Abalos could use to support her claims or defenses. Rather, the names of the Doe defendants appear to be information that Plaintiff himself would like to use in support of the separate Eighth Amendment claims in the TAC. Rule 26(a) does not require the production of this type of information. See Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring *the disclosing party* to provide the opposing party with the name of each individual likely to have discoverable information that the *disclosing party* may use to support *its own claims and defenses*). Accordingly, the Court will **DENY** Plaintiff's motion to compel on this basis.[1]

To the extent that Plaintiff requests Defendant Abalos produce the Doe defendant's names in response to specific discovery requests, Plaintiff's motion is premature and cannot be properly adjudicated at this stage in the litigation. Although Federal Rule of Civil Procedure 37 provides that a party may move for an order compelling a discovery response, implicit in that rule is the requirement that an appropriate discovery request first be properly propounded to the opposing party. See Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv) (noting the circumstances in which a party seeking discovery may move for an order compelling an answer). Apart from attaching informal communications with defense counsel in the form of text messages related to the date range that his alleged injuries occurred, Plaintiff has not demonstrated that he has propounded any discovery requests that Defendant Abalos subsequently failed to answer or that were answered in an incomplete manner under Federal Rule of Civil Procedure 37(a)(3)-(4). Plaintiff responds that he would not have wasted his time trying to seek the names of the Doe

[1] Although the Court will deny Plaintiff's motion to compel Defendant Abalos to produce the identity of the Doe defendants under Rule 26(a)(1), this does not absolve Defendant Abalos of her continued duty to supplement her initial disclosures should new information become available to her. Rule 26(e)(1)(A) requires a party to supplement its initial disclosures in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process." A failure to provide or supplement information required to be produced in a party's initial disclosures will preclude the use of that information or witness to "supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

defendants informally if he had known that this tactic would not produce the information that he sought from Defendant Abalos (see Pl.'s Reply at 1), but it is ultimately Plaintiff's responsibility to write his own discovery requests, as well as to request that the Court compel proper responses if requests are answered improperly. See Mycosafe Diagnostics GmbH v. Life Techs. Corp., CASE NO. 13cv93-BTM (MDD), 2013 WL 12097536, at *2 (S.D. Cal. Oct. 9, 2013) ("it is not the province of the Court to rewrite discovery requests."). Without any discovery requests propounded under the federal rules to evaluate, the Court cannot intervene at this juncture. See Hon. Lupe Rodriguez, Jr. Civ. Chambers R. § IV.D.1. (requiring the parties to provide the *exact* wording of the discovery request or deposition question in dispute in discovery motions). Plaintiff's motion will accordingly be **DENIED** on this basis as well.

Finally, Plaintiff's motion contains a renewed request for appointment of counsel. (See Pl.'s Mot. at 3.) Plaintiff contends that the circumstances of this litigation have changed since the Court's previous orders denying such requests that necessitate counsel to assist him in pursuing his claims. (See Pl.'s Reply at 2-3.) In addition to explaining that he does not have any experience with discovery and still needs to ascertain the identities of the two Doe defendants, Plaintiff now objects to the informal discovery resolution procedures proposed by the Court during the CMC in this case, in which Plaintiff authorized defense counsel to contact the undersigned's chambers on his behalf to alert the Court to any discovery disputes and schedule an IDC. (See id. at 3.) Plaintiff contends that appointed counsel would be able to assist him in complying with these obligations, and objects to the requirement that he contact the Court to schedule an informal discovery conference before filing discovery motions. (See id.)

The Court is yet again unpersuaded that appointment of counsel is necessary at this stage. Although Plaintiff cites to caselaw in which inmates proceeding *pro se* were appointed counsel based on the complexity of the claims at issue, the Court has no reason to believe that Plaintiff cannot comprehend the nature of his claims or that he is unable to pursue information that would be critical to his case. To the contrary, Plaintiff has

vigorously sought information about the identity of the Doe defendants since the Court issued the scheduling order in this matter and concedes in his Reply that he recently sent formal discovery requests regarding the identities of the Doe defendants to opposing counsel. (See Pl.'s Reply at 2.) These are not exceptional circumstances that would warrant appointment of counsel at this time. Furthermore, the informal discovery resolution procedures proposed by the Court at the CMC were recommended in the interest of efficiency. Plaintiff has demonstrated that he can communicate with the Court through multiple separately filed *ex parte* motions, and if he chooses not to allow defense counsel to contact the Court on his behalf, he must nevertheless demonstrate that he complied with the undersigned's chambers rules before filing any further discovery motions. Accordingly, Plaintiff's renewed motion for appointment of counsel will also be **DENIED without prejudice**.

## III. CONCLUSION & ORDER

For the foregoing reasons, Plaintiff's discovery motion is **DENIED** in its entirety. Plaintiff is cautioned that regardless of whether he authorizes defense counsel to contact the Court on his behalf in the event of a discovery dispute, any future discovery motions that do not comply with the undersigned's chambers rules will be stricken from the record and will not be considered further.

**IT IS SO ORDERED.**

Dated: February 9, 2024

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge