1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUELL SMITH,<br>CDCR H-83007<br><br>                              Plaintiff,<br><br>v.<br><br>MS. AVALOS, Law Library Coordinator;<br>JOHN/JANE DOE, Medical Supervisor;<br>JOHN/JANE DOE,<br><br>                              Defendants. | Case No.:  20cv1534-JAH(LR)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT FRANCES ABALOS' MOTION AND AMENDED FOR JUDGEMENT ON THE PLEADINGS**<br><br>**[ECF No. 69, 70]** |

This Report and Recommendation is submitted to the Honorable John A. Houston, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.  On August 6, 2020, Plaintiff Marquell Smith ("Plaintiff"), currently incarcerated at California State Prison, Los Angeles County ("LAC") filed a complaint pursuant to 42 U.S.C. § 1983, alleging that: (1) Defendant Frances Abalos (erroneously sued as "Ms. Avalos, Law Library Coordinator") (hereinafter referred to as "Defendant") denied Plaintiff's constitutional right to access the courts by denying him access to the law library and (2) two unidentified John/Jane Doe defendants (hereinafter referred to as

"Doe Defendants") denied Plaintiff medical care while in the custody at the San Diego County Jail. (See ECF No. 26 at 2.) Now pending before the Court are Defendant's Motion and Amended Motion for Judgment on the Pleadings. (See ECF Nos. 69, 70.)[1] For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion and Amended Motion for Judgment on the Pleadings be **GRANTED**.

## I.  RELEVANT PROCEDURAL HISTORY AND BACKGROUND

Plaintiff initiated this case by filing a complaint in this Court on August 6, 2020. (See ECF No. 1 at 1.) Plaintiff filed the operative Third Amended Complaint ("TAC") on August 31, 2022, asserting a First Amendment access to courts claim against Defendant the law library coordinator at the San Diego County Jail during Plaintiff's incarceration at the facility, as well as an Eighth Amendment claim for deliberate indifference to medical needs against Doe Defendants for purposely preventing Plaintiff from attending emergency dental appointments during the time he was housed at the facility. (See ECF No. 26.)

This case has had an extensive procedural history since the filing of the TAC that the Court need not recount it in its entirety for the purposes of the instant motion. Defendant filed her Motion for Judgment on the Pleadings on March 7, 2024. (See ECF No. 69-1 at 1.) Plaintiff received notice of this motion pursuant to Rand v. Rowland, 154 F.3d 952, 960–61 (9th Cir. 1998), informing him of his right to file an opposition and the potential for an entry of judgment resulting a dismissal of his claims. (See ECF No. 69-4 at 1–2.) Plaintiff filed a "Motion in Opposition to Defendants Motion for Judgment Pursuant to Local Civil Rule 7.1e.2" ("Opposition") on April 18, 2024. (ECF No. 72 at

---

[1] The existing docket shows both a "Motion for Judgment on the Pleadings" and an "Amended Motion for Judgment on the Pleadings." (See ECF Nos. 69, 70.) The "Amended Motion for Judgment on the Pleadings" references an "accompanying memorandum of points and authorities" and a "request for judicial notice" however these documents are not attached. (ECF No. 70 at 2.) In the absence of such documents, the Court presumes Defendant intended to refer to the existing "Motion for Judgment on the Pleadings" and adjudicates both together.

1.)  Defendant filed a "Reply in Support of Motion for Judgment on the Pleadings" ("Reply") on April 25, 2024.  (ECF No. 73 at 1.)

## II.  RELEVANT ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

In his TAC, Plaintiff alleges the following: on March 12, 2020, when Plaintiff arrived in San Diego County Jail, Plaintiff believed his *pro per* petition for writ of habeas corpus was pending in the California Court of Appeal.  (See ECF No. 26 at 3.)  Plaintiff submitted a request to Defendant on March 13, 2020, informing Defendant of Plaintiff's *pro per* status in the case on appeal, the pendency of Plaintiff's petition, and the limited time that Plaintiff would have to take action following the state appellate court's ruling on his petition.  (See id.)  Plaintiff submitted a second request for access to the law library on March 18, 2020.  (See id.)  In response to Plaintiff's request, Defendant met with Plaintiff and stated that he "had an attorney, was not *pro per* [and would] not be receiving access to the law library."  (Id.)  Plaintiff attempted to explain that the case in which he was representing himself *pro per* was distinct from the case for which he was then in custody, but Defendant cut him off, reiterated that he would be unable to access the law library, and ended the interaction.  (See id.)  Plaintiff received notice of the Court of Appeal's decision on March 30, 2020, thirty-three days after the decision's February 27, 2020 issuance.  (See id. at 4.)  Plaintiff alleges that, had Defendant provided him with access to the law library at the time of his initial requests, he would have had the ability to file a motion for reconsideration in the California Court of Appeal and time to prepare a petition for review to the California Supreme Court.  (See id.)[2]

---

[2] Plaintiff makes additional claims against the Doe Defendants in his TAC, alleging that they denied him access to dental care while Plaintiff was incarcerated in San Diego County Jail.  (See ECF No. 26 at 5–6.)  These claims are not at issue in the instant motion; however, neither of these Doe defendants was served within ninety days of the filing of the Complaint, as required by Fed. R. Civ. P. 4(m), nor have they been served since.  Plaintiff has provided no reason for this failure and the Court **RECOMMENDS** that an **ORDER TO SHOW CAUSE** be issued requiring Plaintiff to explain why Doe defendants have not been served and why his claim should not be dismissed for lack of personal jurisdiction over these defendants.  See Crowley v. Bannister 734 F.3d 967, 975 (9th Cir. 2013) (emphasizing that, while the court does not have personal jurisdiction over defendants not served in compliance with Rule 4, it may

## III. LEGAL STANDARD

"For purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true. The allegations of the moving party which have been denied are taken as false." Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967) (citing Wyman v. Wyman, 109 F.2d 473, 474 (9th Cir. 1940)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (1989) (citing Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)).

Under 9th Circuit caselaw, "the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Supreme Court precedent holds that a complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b) motion. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In making its determination, the court "[o]rdinarily . . . may look only at the face of the complaint"; however, "[u]nder the 'incorporation by reference' rule of this Circuit, a court may look beyond the pleadings" to judicially noticeable facts as well. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980

not dismiss complaints on this basis without giving the plaintiff notice and opportunity to show good cause for any delays in service).

(9th Cir. 2002) (citing <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999)).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." <u>Karim-Panahi v. L.A. Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988) (citing <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, this liberal pleading standard does not permit the court to "supply essential elements of the claim that were not initially pled." <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 373 F.2d 266, 268 (9th Cir. 1982). Though courts construe pleadings liberally, "pro se litigants are bound by the rules of procedure." <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995) (citing <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987)); <u>see also</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1235 (9th Cir. 1984) ("even a pro se litigant must take some responsibility in the pursuit of his legal actions").

## IV. DISCUSSION

**A.  <u>Waiver</u>**

Defendant's motion contains numerous arguments that Plaintiff did not address in his Opposition to Defendant's motion. (<u>See</u> ECF Nos. 69, 72.) These included arguments specific to the issues of qualified immunity, Plaintiff's ability to assert their claim in light of the precedent set in <u>Heck v. Humphrey</u>, and whether Plaintiff's factual allegations are sufficient to constitute a legal claim. (<u>See</u> <u>id.</u>) Defendant asks the Court to consider Plaintiff's failure to address these arguments as a concession of them. (<u>See</u> ECF No. 73 at 2.)

Where a plaintiff fails to address an argument asserted by a defendant, the court has discretion to construe such failure as an abandonment of the claim and a concession of the arguments. <u>See</u> <u>Gwaduri v. I.N.S.</u>, 362 F.3d 1144, 1146 (9th Cir. 2004) ("It is well-within [the court's] discretion to determine that [a party's] lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified"); <u>Ewing v. Encor Solar, LLC</u>, Case No. 18-cv-2247-CAB-MDD, 2019 WL 277386, at *8 (S.D. Cal. Jan. 22, 2019) ("[b]y failing to address Defendant's arguments

for dismissal of [Plaintiff's] claim in his opposition, the Court finds that Plaintiff has conceded his . . . claim"); Dilworth v. Cnty. of San Bernadino, Case No. EDCV 23-1879 JGB (SHKx), 2024 WL 2107731, at *7 (S.D. Cal. Mar. 28, 2024) ("Plaintiff fails to address or oppose Moving Defendants' argument as to the ratification claim, and in doing so concedes the argument."). Though Plaintiff has not addressed Defendant's arguments regarding the bar on his claim posed by Heck v. Humphrey, his alleged failure to state a claim, qualified immunity, or injunctive relief in his Opposition, the Court declines to recognize this as concession and will address Defendant's arguments on these issues on the merits below.

**B.  Judicial Notice**

Defendant asks the Court to take judicial notice of the California Court of Appeal's ruling in Plaintiff's underlying case. (See ECF No. 69-2 at 1–2.) The Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This includes "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126 (9th Cir. 2012). The Court therefore takes judicial notice of California Court of Appeal Case No. D076940 to determine the claims Plaintiff may have raised in his Petition for Review to the California Supreme Court. Therefore, Defendant's request that the Court take notice of this case is **GRANTED**.

**C.  Failure to State a Claim based on Actual Injury**

Defendant claims that, in addition to the defenses raised above, she is entitled to judgment because Plaintiff has not alleged facts sufficient to support an actionable claim. (See ECF No. 69-1 at 3–6.) Plaintiff describes his claim as a denial of access to the courts. (See ECF No. 26 at 3.) For such a claim to be actionable, Plaintiff must allege facts that, if true, would allow the Court to imply that Defendant was liable for the alleged misconduct. Iqbal, 556 U.S. at 678. A plaintiff cannot meet this standard by alleging legal conclusions unsupported by such facts. Id. In this case, Defendant asserts

that Plaintiff's claim fails to meet this standard both because Plaintiff's right of access to the courts does not extend to the current action, (see ECF No. 69-1 at 5–6), and because Plaintiff has failed to allege actual injury. (See id. at 3–4.)

A plaintiff must demonstrate "actual injury" to successfully sustain an access to courts claim. Lewis v. Casey, 518 U.S. 343, 349 (1996). This requires the plaintiff to "plausibly alleg[e] that a prison official interfered with his 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Penton v. Pool, 724 F. App'x 546, 548 (9th Cir. 2018) (citing Lewis 518 U.S. at 349, 353 n.3, 356). To survive a motion to dismiss "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered." Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1994). Rather, the prisoner must tie the defendant's conduct "to a lost, nonfrivolous legal claim." See Penton, 724 F. App'x at 549. To be "nonfrivolous" such a claim may be "arguable (though not yet established)" but must be specified to a degree that would enable a reviewing court to determine that the underlying claim has some basis "other than hope." Lewis, 518 U.S. at 353 n.3; Nasby v. Nevada, 79 F.4th 1052, 1056 (9th Cir. 2023) (citing Christopher v. Harbury, 536 U.S. 403, 417 (2002)). To demonstrate that a claim is "lost," a plaintiff must show "that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." Lewis, 518 U.S. at 356.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Yet, this right remains limited, applying only where inmates "attack their sentences, directly or collaterally, . . . to challenge the conditions of their confinement." Lewis, 518 U.S. at 355. It attaches only during the pleading stage of these actions. Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995). States may meet their obligation to provide access to the courts in a variety of ways. See Lewis, 518 U.S. at 352 (citing Bounds, 430 U.S. at 832) (noting that "'we encourage local experimentation' in various methods of assuring access

to the courts").  Making a successful access to courts claim requires a plaintiff to demonstrate (1) actual injury, (2) caused by official conduct, and—in the context of backwards-looking suits—(3) a remedy that would not otherwise be available in a future suit.  See Christopher 536 U.S. at 413–415.  To establish actual injury, Plaintiff must "identify a 'nonfrivolous,' 'arguable' underlying claim," that he lost the opportunity to litigate.  Id. at 415.  A claim is "nonfrivolous in this context if the plaintiff can 'show that the 'arguable' nature of the underlying claim is more than hope.'"  Nasby, 79 F.4th at 1056 (citing Christopher, 536 U.S. at 416).  "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."  Christopher, 536 U.S. at 416.

Plaintiff's habeas petition in the California Court of Appeal contained a claim relating to both the sufficiency of the evidence presented at trial as well as an equal protection challenge to his exclusion from eligibility for a youth offender parole hearing based on his life without parole sentence.  (See ECF No. 69-3 at 3.)  While the state court noted that the challenge to the judgment for insufficiency of the evidence was untimely, it addressed the equal protection challenge on the merits.  (See id.)  Such an adjudication on the merits demonstrates that the claim is "arguable" and meets the "nonfrivolous" threshold required by Christopher.  536 U.S. at 416.

Though Plaintiff's equal protection claim is nonfrivolous, his ability to raise this claim was not lost because of Defendant's actions.  Plaintiff alleges Defendant's actions prevented him from filing a petition for review with the California Supreme Court.  (ECF No. 26 at 4.)  While a prisoner may appeal a decision to the California Supreme Court through a petition for review, the California Supreme Court also has original jurisdiction to hear state habeas claims.  See Robinson v. Lewis, 469 P.3d 414, 417 (9th Cir. 2020) (citing Evans v. Chavis, 546 U.S. 189, 192 (2006)).  Petitions are deemed timely if they are filed within a "reasonable time," and the court has discretion to accept longer delays if petitioner demonstrates good cause.  Id.  Defendant's actions prevented Plaintiff from raising his claims to the California Supreme Court through the mechanism of a "petition

for review," but Plaintiff retained the ability to put forward these same claims in an original petition for habeas corpus filed directly with the California Supreme Court.  See id. at 420–21 (discussing the ability of the California Supreme Court to review claims after an adjudication by the California Court of Appeal brought either through the mechanism of a petition for review or that of an original petition).  Plaintiff's claim was thus not "lost" and Plaintiff is unable to show actual injury.  Because Plaintiff retained the ability to file his claim, leave to amend will not allow him to state a claim based on the fact pleaded.

Where, as here, Plaintiff has not shown actual injury, Defendant is entitled to judgment on the pleadings.  See Nasby, 79 F.4th at 1056 (citing Christopher, 536 U.S. at 416 (elaborating the "actual injury" requirement)).  The Court thus **RECOMMENDS** that Defendant's Motion and Amended Motion for Judgment on the Pleadings be **GRANTED**.

### D.    Claim Barred by Heck v. Humphrey

Defendant argues that Plaintiff is attempting to use the instant claim arising under 42 U.S.C. § 1983 to undermine his prior conviction.  (See ECF No. 69 at 4.)  The Supreme Court has expressly barred such an action, as "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 481 U.S. 475, 488–90 (1973)).  An action under § 1983 requires Plaintiff to "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486–87.  The Ninth Circuit has reiterated this distinction, making clear that "[s]uits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but

not to the fact or length of his custody.'" Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). "[T]he applicability of the [Heck bar] turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Id.

Defendant relies on precedent set by the Seventh Circuit, as well as several district courts in the Ninth Circuit, in asserting that Heck bars any claim brought under Section 1983 based on denial of access to the courts "where the predicate case is a habeas petition." (ECF No. 69-1 at 5.) The cited district court cases concluded that "claims by prisoners for damages based on alleged denial of access to the law library, etc., to aid them in challenging some aspect of their conviction or sentence, are Heck barred unless the conviction or sentence has been overturned." Delarm v. Growe, Case No. 15-cv-2258 KJM KJN P, 2016 WL 1722382, at *3 (E.D. Cal. Apr. 29, 2016); see also Gregory v. Cnty. of San Diego, No. 13cv1016-WQH-JMA, 2013 WL 5670928, at *5 (S.D. Cal. Oct. 15, 2013) (discussing Heck in the context of an appeal of State Bar proceedings); Cole v. Sisto, No. S-09-0364 KJM P, 2009 WL 2230795, at *2–4 (E.D. Cal. July 24, 2009) (concluding that Heck barred a prisoner's § 1983 suit for a typewriter with which he might have challenged his conviction). The Ninth Circuit has yet to determine whether this approach is correct. Other district courts in the Ninth Circuit have pointed out that this blanket prohibition does not address the question of "when a favorable determination on a plaintiff's damages claim would not 'necessarily imply'" the invalidity of a plaintiff's conviction. See Arellano v. Blahnik, Case No. 16-cv-2412-CAB (DHB) 2017 WL 2833117 at *6 (S.D. Cal. June 30, 2017) (citing Skinner v. Switzer, 562 U.S. 521, 533–35 (2011)). The Arellano court reasoned that such a blanket prohibition could result in an "untenable 'Catch-22' situation" wherein prisoners who are prevented from filing a habeas petition are left without any means to challenge this prevention. Id. at *7 (citing Lueck v. Wathen, 262 F.Supp.2d 690, 699 (N.D. Tex. 2003)). Consequently, the Arellano court recommended determining whether a favorable verdict necessarily implies the invalidity of an underlying sentence based on the damages sought. Id. at *8.

Given the potential paradox presented by a blanket prohibition, the Court adopts the Arellano court's approach and looks to whether the damages sought would imply the invalidity of the sentence.  Here, Plaintiff does not challenge the validity of his underlying sentence.  Plaintiff seeks monetary damages for a lost potential claim and forward-looking access to the law library rather than relief ordering his release.  (See ECF No. 26 at 9.)  Unqualified success would result in a monetary award and an injunction ordering that Plaintiff be granted access to a law library, which he may already be entitled to under Bounds, neither of which imply that Plaintiff's sentence is invalid.  See 430 U.S. at 821 (affirming that prisoners have a right of access to the courts that may be met by giving them access to a library).  As such, the Court finds that Plaintiff's claim under 42 U.S.C. § 1983 is not barred by Heck.  Therefore, the Court **RECOMMENDS** that Defendant's Motion and Amended Motion for Judgment on the Pleadings on the basis that the claim presented is barred by Heck be **DENIED**.

**E.    Qualified Immunity**

Defendant also asserts the affirmative defense of qualified immunity.  (See ECF No. 69 at 7.)  Defendant argues prisoners do not have a clearly established right to access the law library after the pleading stage of litigation, and that she is thus entitled to qualified immunity.  (See id.)

Qualified immunity protects government officials performing discretionary functions from civil liability unless a plaintiff demonstrates that these officials' conduct violated the plaintiff's clearly established constitutional right(s).  See Anderson v. Creighton, 483 U.S. 635, 638–39 (1987).  Where qualified immunity applies, it "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (italics in original).  Supreme Court precedent holds that questions of qualified immunity should be dealt with "at the earliest possible stage in litigation," as the doctrine is designed to dispose of "insubstantial claims" before

discovery begins.  <u>Pearson v. Callahan</u>, 555 U.S. 223, 232 (2009) (quoting <u>Anderson</u>, 482 U.S. at 640 n.2).

"A government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."  <u>Carroll v. Carman</u>, 574 U.S. 13, 16 (2014) (citing <u>Ashcroft v. Al-Kidd</u>, 563 U.S. 731, 735 (2011)).  "[A] qualified immunity determination involves three inquiries: (1) identification of the right that has allegedly been violated, (2) the determination of whether that right was clearly established such that a reasonable official would have known of it, and (3) the determination of whether a reasonable offic[ial] would have believed that the challenged conduct was lawful."  <u>LSO, Ltd. v. Stroh</u>, 205 F.3d 1146, 1157 (9th Cir. 2000) (citing <u>Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho</u>, 42 F.3d 1278, 1285 (9th Cir. 1994)).  The Court may exercise discretion when determining the order in which it addresses these inquiries.  <u>Pearson</u>, 555 U.S. at 235.  After Defendant has raised qualified immunity as a defense, Plaintiff "bears the burden of showing that the rights allegedly violated were clearly established."  <u>Stroh</u>, 205 F.3d at 1157.  Only after this is satisfied must Defendant show that his conduct was reasonable.  <u>Id.</u>

Neither party contests Defendant's assertion that Defendant was a government employee at the time of the alleged conduct.  (<u>See</u> ECF No. 26, at 3.)  Defendant's assertion of qualified immunity thus obligates Plaintiff to show that Defendant violated a clearly established right by denying him access to the law library.  <u>See</u> <u>Stroh</u>, 205 F.3d at 1157.  Plaintiff does not address the issue of whether the right Defendant allegedly violated was clearly established in either his TAC or his Opposition. (<u>See</u> ECF Nos. 69, 72.)  Plaintiff's TAC cites no case law or statute in support of his claim that Defendant's conduct was unlawful.  (<u>See id.</u>)  Plaintiff's Opposition similarly contains no citations establishing that Plaintiff had the right to access the law library at the relevant time.  (<u>See</u> ECF No. 72.)

1    Plaintiff repeatedly asserts his *pro per* status in the relevant habeas action as

2    evidence that he was entitled to access the library, but this invocation alone is insufficient

3    to demonstrate either that Defendant had a legal right to access the law library while he

4    believed he was awaiting an appellate decision or that such a right was clearly established

5    at the time of Defendant's actions.[3]  See Davis v. San Diego Cnty. Sheriff Dep't, Case

6    No. 18cv866-WQH-JLB, 2018 WL 3861910 at *3 (S.D. Cal. Aug. 14, 2018) (citing

7    Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) ("[l]ack of access to a law library and

8    alleged shortcoming of a legal assistance program alone are insufficient to support a

9    claim for the denial of access to the courts")).  Prisoners have a right of access to the

10    courts at the pleading stage of their case.  Bounds, 430 U.S. at 821.  Though the state may

11    satisfy its burden to ensure access to the courts by providing law library access, such

12    access is a means of implementing the right, not a freestanding right in itself.  Lewis, 518

13    U.S. at 352 (citing Bounds, 430 U.S. at 832 (describing access to the law library as a

14    permissible means of ensuring access to the courts)).

15    Plaintiff, as a prisoner in state custody, had a right of access to the courts at the

16    pleading stage; however, this right does not directly equate to a right to access the law

17    library in the instant circumstances.  To demonstrate that Defendant violated his clearly

18

19

---

20    [3] Plaintiff believed his case was pending upon his March 12, 2020 arrival in San Diego Sheriff's
21    Department custody and communicated this belief to Defendant in making his law library access
      requests.  (See ECF No. 26 at 3.)  This belief was mistaken.  The California Court of Appeal handed
22    down its decision on February 27, 2020, 14 days before Plaintiff was taken into custody and 15 days
      before he made his first request for law library access.  (See id. at 3–4; ECF No. 69-3 at 3.)  This
23    mistaken belief and the communications made in reliance on it create ambiguities as to the contours of
      Plaintiff's right of access to the courts and whether Defendant would be entitled to qualified immunity.
24    If it were determined that Plaintiff had entered the pleading stage of litigation because his time to file a
      Petition for Review had begun to elapse, he would have a clearly established right to the courts which
25    Defendant failed to provide.  Cornett, 51 F.3d at 898.  Even under these circumstances, Defendant's may
      be entitled to qualified immunity if she denied Plaintiff access to the library based on a reasonable, but
26    mistaken belief that he was not entitled to such access based on his communications.  See Saucier v.
      Katz, 533 U.S. 194, 206 (2001) ("qualified immunity can apply in the event the mistaken belief was
27    reasonable.").  It is not necessary to resolve such ambiguities at this time, given the lack of actual injury
      discussed above.  See IV.C supra.
28

13

established right, Plaintiff must allege facts that would allow the Court to conclude that the denial of access to the library denied him his right of access to the courts.  See Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985) (distinguishing between the right of access to adequate library facilities and the right to access the courts); Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994) ("[l]ack of reasonable access to the law library is not the equivalent of denial of access to the courts.").  Plaintiff has not met this burden because he has not shown actual injury through the loss of his claim.

As analyzed above, Plaintiff has not alleged facts sufficient to sustain his claim. See IV.C supra.  For this reason, a determination of whether Defendant is entitled to qualified immunity is premature.  See Groten v. Cal., 251 F.3d 844, 851 (9th Cir. 2001) ("dismissal [on the grounds of qualified immunity] is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies"); see also Cleveland v. Dennison, Case No. 06CV1578 WQH (BLM), 2007 WL 2330665, at *5 (S.D. Cal. Aug. 10, 2007) (holding that a defendant's assertion of qualified immunity was premature in light of an insufficiently specific complaint).  In light of the Court's earlier findings, the Court **RECOMMENDS** that the Defendant's assertion of qualified immunity be **DENIED AS MOOT**.

## F. Injunctive Relief

Plaintiff seeks an injunction preventing defendants "[f]rom retaliating against petitioner in any way including through other people within the criminal justice system." (ECF No. 26 at 9.)  Plaintiff specifies in his Opposition that he seeks "his right to be protected from reprisal [and] retaliation due to his filings against the people in the authoritative criminal system."  (ECF No. 72 at 2.)  Defendant contests this claim, asserting injunctive relief is inappropriate both because the claim is moot as applied against Defendant and because Plaintiff has not met the legal minimum standard to demonstrate the need for an injunction.  (See ECF No. 69-1 at 8.)

To obtain injunctive relief, a plaintiff must meet the "irreducible constitutional minimum" of standing.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).  A plaintiff

must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984) (citing <u>Valley Forge Christian College v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 472 (1982)).  A court may not grant relief that is unlikely to provide redress for the injury.  <u>See id.</u>  In this case, Plaintiff is no longer in the custody of the San Diego County Sheriff's detention facility where the alleged injury occurred.  (ECF No. 26 at 1.)  It is thus unlikely that granting an injunction against Defendants would provide Plaintiff with any redress.  <u>See</u> <u>Cnty. of Riverside v. McLaughlin</u>, 500 U.S. 44, 51 (1991) (finding that claims of incarcerated plaintiffs requiring injunctive relief are rendered moot upon their release).

Even where a plaintiff has standing to request an injunction against the named defendants, the plaintiff "must establish that he is likely to succeed on the merits [of his claim], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest" for a court to grant a preliminary injunction.  <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).  To succeed in establishing a likelihood of irreparable harm, the plaintiff must show more than "the possibility of some remote future injury."  <u>Id.</u> at 22 (citing Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948.1, pp. 154–55 (2d ed. 1995)).  In support of his requested injunction, Plaintiff offers the assertion "that history demonstrates [] multiple circumstances of unwanted police brutality upon incarcerated persons."  (ECF No. 72 at 2.)  Though the Court must accept this as true, such generalized references to past harms are insufficient to demonstrate that Plaintiff is likely to suffer future irreparable harm.  <u>See</u> <u>City of L.A. v. Lyons</u>, 461 U.S. 95, 102 (1983) (citing <u>O'Shea v. Littleton</u> 414 U.S. 488, 495–96 (1974) ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects)).

Therefore, even if Plaintiff had standing to request injunctive relief against the Defendant, the Court would be unable to grant it on the basis of the pleadings now before

it and the fact that Plaintiff is no longer in the custody of the San Diego County Sheriff's detention facility where the alleged injury occurred. The Court thus **RECOMMENDS** that Defendant's Motion and Amended Motion for Judgment on the Pleadings on the basis that Plaintiff has not sufficiently pled a basis for injunctive relief be **GRANTED**.

## V. CONCLUSION

For the reasons above, the Court **RECOMMENDS** that Defendant's Motion and Amended Motion for Judgment on the Pleadings as to Plaintiff's first cause of action and request for injunctive relief be **GRANTED** and **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that an **ORDER TO SHOW CAUSE** be issued requiring Plaintiff explain his failure to timely serve the Doe Defendants in his claim alleging denial of medical care.

**IT IS ORDERED** that no later than **November 22, 2024**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 6, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1988).

**IT IS SO ORDERED.**

Dated: November 1, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge